PARKER, Chief Judge.
Pat Martens Custom Homes Co. (Martens Homes) appeals the final judgment awarding attorney’s fees and costs to Karl and Joyce Landsteiner in this contract action. We reverse.
The parties entered into a contract for the construction of a home for the Landsteiners. Two years later, Martens Homes filed an action against the Landsteiners for breach of contract. The Landsteiners filed a motion to dismiss; however, before ruling on the motion to dismiss, the trial court directed mediation. The mediator reported a partial resolution of the issues based upon the Landsteiners’ issuing checks to two subcontractors. The remaining issues were returned to the trial court for determination. Thereafter, Martens Homes filed a voluntary dismissal of the case.
Martens Homes argues that the trial court erred by awarding the Landsteiners attorney’s fees based on paragraph (j) of the contract. This is the only paragraph in the contract which discusses attorney’s fees. Paragraph (j) provides:
Indemnity and Holdharmless Agreement. The contractor agrees to indemnify and holdharmless the owner and architect *1339 and their agents and employees, from and against all claims, damages, losses, and expenses, including reasonable attorney’s fees in ease it shall be necessary to file an action, arising out of the performance of the work, which are for (1) bodily injury, illness or death, or for property damage including loss of use; and (2) caused in whole or in part by the contractor’s negligent act or omission or that of a subcontractor or that of anyone employed by them or for whose acts the contractor or subcontractor may be liable.
Paragraph (j) clearly refers to the owner being indemnified or held harmless for claims of injury to persons or property resulting from the contractor’s work. See H & S Corp. v. United States Fidelity & Guar. Co., 667 So.2d 393, 400 (Fla. 1st DCA 1995). This provision does not justify an award of attorney’s fees to the Landsteiners in this dispute.
The trial court, in entering its final judgment, apparently relied upon Larry’s Olde Fashioned Ice Cream Parlours, Inc. v. Nortkdale Court, Ltd., 556 So.2d 803 (Fla. 2d DCA 1990). However, in Larry’s Olde Fashioned Ice Cream Parlours, Inc., this court reversed the trial court’s denial of the defendant’s motion for attorney’s fees based on a contract provision in a lease which provided for fees to be paid to the prevailing party in “any litigation arising” out of the lease agreement. See id. In this case, paragraph (j) does not allow for fees arising from any litigation. The indemnity and hold harmless agreement is specific and does not justify an award of attorney’s fees and costs to the Landsteiners. Further, because this court cannot determine on the face of this record that Pat Martens filed a frivolous lawsuit and because no other statutory basis has been presented as a ground to affirm this award of attorney’s fees and costs, we are compelled to reverse.
Reversed and remanded.
ALTENBERND and GREEN, JJ., concur.